IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN TENIKET II, pro se, and, <br> SHERYL TENIKET , pro se <br> Plaintiffs, <br> <br> V. <br> <br> CITY OF BENLD, <br> a municipal corporation, <br> Defendant | COMPLAINT, <br> <br> JURY DEMAND, <br> <br> MOTION FOR JOINDER <br> OF STATE COURT CASE <br> 2017-CH-77 (MACOUPIN <br> COUNTY, ILLINOIS), <br> <br> VENUE |

FILED
FEB 27 REC'D
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COMES NOW John Tenikat II, pro se, and Sheryl Tenikat, pro se, for above captioned case.

The defendants rely upon Hall v. Bellmon, 935 F 2nd 1106, 110 (10th circuit 1991) where the court stated that: "A pro se litigant's pleadings are to be construed liberally and to a less stringent standard than formal pleadings drafted by lawyers … if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiffs poor syntax and sentence construction or his unfamiliarity with pleading requirements."

# COMPLAINT:

They COMPLAIN that the defendant, City of Benld 201 E. central Avenue, Benld, Illinois 62009, a municipal corporation at all times wholly within the state of Illinois, is violating their DUE PROCESS rights as guaranteed by the 5th and 14th Amendments to the U.S. Constitution, specifically:

**Amendment XIV**
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; **nor shall any state deprive any person of … property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws**

**Amendment V**
No person shall be … deprived of … property, without due process of law; nor shall private property be taken for public use, without just compensation.

The defendant is trying to seize the plaintiffs' property by demanding excessive fees for alleged work and filing unperfected (defective) liens. Said liens do NOT conform to the dictates of state law. Said demands also do not conform to the dictates of state law. The liens do NOT contain any dates of service (the lien of 2014.10.28 contains no dates & the lien of 2017.07.27contains only references to months, not dates, and multiple services per month and not dates of each service) as is mandated by state statute 65 ILCS 5/11-20-15(b)(3):

" (b) To perfect a lien under this Section, the municipality must, within one year after the removal cost is incurred, file notice of lien in the office of the recorder in the county in which the underlying parcel is located or, if the underlying parcel is registered under the Torrens system, in the office of the Registrar of Titles of that county. The notice must consist of a sworn statement setting out:

> ... 3) The date or dates when the removal cost was incurred by the municipality."

> Another lien (2nd lien of 2017 & 3rd lien overall) filed in also contains no dates of service that are mandated by state law.

ALSO, according to 65 ILCS 5/11-20-15, "(d) The removal cost is not a lien on the underlying parcel unless a notice is personally served on, or sent by certified mail to, the person to whom was sent the tax bill ... " This was not done.

FURTHER, the lien of 2017.07.27 contains claims of service (again, for this lien [2017.07.27], months are stated; but no dates are stated) for alleged claims of service older than one year from the time of filing (i.e. all alleged claims of July 2016 & earlier dates).

They FURTHER note that the city is attempting to violate their rights by attempting to exact, from the defendant(s), monetary funds (a form of inverse condemnation prohibited by the Illinois Constitution of 1970 (Art. I sect.15), and the United States Constitution (Amendments 5 & 14). Even if the plaintiff's claims are valid, then the amount that the plaintiff is claiming is not valid as the amount claimed is in very much excess of what work has been claimed to have been done ( 65ILCS5/11-20-7(c), 2nd sentence " 'removal costs' means the total cost of the removal activities"). The lot at question is only 75' by 140'; and given the plaintiffs access to large, efficient commercial equipment, a reasonable person would find the plaintiff's claims of cost grossly unjust in that the amount demanded is grossly in excess of what any "total cost of removal activities" could reasonably be.

FURTHER, the plaintiffs question the times the defendant has claimed to have performed any services & the amount of cost claimed for reimbursement if the services were performed.

*ALSO*, the plaintiffs claim violation of their rights of equal protection under the Illinois Constitution of 1970 (Art. I, sect. 2). How much has the defendant charged other similarly situated persons for similar work? The lot of land in question is a vacant parcel 75' by 140' & the plaintiff city has large commercial mowing equipment. How much time was allegedly involved? It is known that a nearby similarly situated municipality charged a similarly situated person $45.00 for approximately 20 minutes of work (even though the work was different, it is the time value at bar in this, but not limited to this, example).

They ALLEGE that these actions are contrary to 42 USC 1983 in that, for the above stated reasons, the defendant, City of Benld, is attempting to violate their civil rights of due process, equal protection, and unreasonable seizure.

They also ALLEGE that, by failing to remove all unperfected (defective) liens, thereby maintaining an unlawful cloud on the title of the parcel of land, the defendant, City of Benld, is violating the federal Fair Credit Reporting Act, as amended (15 USC  1681).

They further ALLEGE that, by entering the land without permission, license or privilege (trespassing), claiming to have performed certain acts (quasi-contract), charging grossly excessive (unpermitted & unreasonable)

amounts for the claimed work (unjust enrichment, fraud), filing unperfected liens (two or more acts within ten years) and by using interstate commerce ( US Mail, interstate telephone service), the city attorney, the mayor, and each council member in <u>advisement and consultation with each other</u> (common nexus), along with the municipal corporation City of Benld, have engaged in an enterprise in violation of 18 USC 1964 (RICO).

They also ALLEGE that such above stated practices violate the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505, et seq.).

## JURY DEMAND:
They DEMAND A JURY for all things that may be considered by a jury.

## MOTION FOR JOINDER:
THE PLAINTIFFS, John Tenikat and Sheryl Tenikat move for joinder under pendant jurisdiction (28 USC 1367) (United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)) of the current state court case "City of Benld vs. John Tenikat & Sheryl Tenikat 2017-CH-77 (Macoupin County)" in that both cases share a "common nucleus of operative fact", for both economy of litigation and the efficiency of jurisprudence as both cases are expected to be tried at the same time, and to prevent conflicting conclusions or decisions regarding the same facts or questions, and that a <u>plaintiff would ordinarily be expected to try them in one judicial proceeding.</u>

## VENUE:
They further allege that this is the correct venue as it is in the Central District of Illinois as all of the defendants reside within the Central District of Illinois and that this venue is appropriate as it is nearest to the midway point between the all of the parties as reasonably possible.

Respectfully submitted,

*[signature]*
John Tenikat II
2815 2nd Avenue
Des Moines, IA 50313

*[signature: Sheryl D. Tenikat]*
Sheryl Tenikat
2815-2nd Avenue
Des Moines, IA 50313