## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TENIKAT, II, and<br>SHERYL TENIKAT,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BENLD,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 18-cv-3037<br>)<br>)<br>)<br>) |

## **REPORT AND RECOMMENDATION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

    This matter comes before the Court for a Report and Recommendation on Defendant City of Benld, Illinois' (City) Renewed Motion to Dismiss (d/e 13) (Motion to Dismiss) and Plaintiffs John Tenikat II and Sheryl Tenikat's (the Tenikats) filing entitled Resistance, Jury Demand, Amended Complaint (d/e 17) (Motion to Amend).  The Tenikats may not amend their Complaint without leave of Court because more than 21 days have passed since the City filed its first Motion to Dismiss (d/e 8) on June 19, 2018.  Fed. R. Civ. P. 15(a)(1)(B).  The Court, therefore, treats the filing as a motion to file an amended complaint.  For the reasons set forth below, this Court recommends that the Motion to Dismiss should be allowed and the Motion to Amend should be denied.

## STATEMENT OF FACTS

For purposes of the Motion, the Court assumes the well-pleaded factual allegations in the Complaint are true and draws all inferences in favor of the Tenikats.  See e.g., McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).  The Tenikats allege the following.

The Tenikats own land (Property) located in the City.  The Tenikats alleged that the City imposed a defective lien on the Property for payment of charges for cutting an excessive growth of grass and weeds on the Property.  The Tenikats allege the sums sought by the City were also excessive and the City violated the Tenikats' rights to due process and equal protection.  The Tenikats also allege that the City violated their rights to be free from unreasonable searches and seizures.  The Tenikats further allege a supplemental claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq.  Complaint (d/e 1), at 1-2.

The Tenikats asked to join to this case an ongoing state court proceeding in Macoupin County, Illinois, Circuit Court entitled, City of Benld v. John Tenikat & Sheryl Tenikat, Case No. 2017-CH-77 (State Case).  Id. at 2.  The District Court previously denied this request.  Text Order entered May 15, 2018.

The Tenikats also submitted documents from the State Case. <u>Submission of State Court Case (d/e 3) (State Submission)</u>. The Tenikats recently submitted the Macoupin County, Illinois Circuit Court's decision in the State Case. <u>Motion to Amend</u>, appended <u>State Case Order entered February 4, 2019 (State Decision)</u>. The Court may take judicial notice of matters of public record when ruling on a motion to dismiss, such as the records from the State Case, without converting the motion to a motion for summary judgment. <u>Henson v. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir. 1994).

The City filed the State Case to enforce a mowing lien pursuant to 65 ILCS 5/11-15(e). The City alleged that it was owed $6,600.00 for mowing the Property 22 separate times in 2015, 2016, and 2017. <u>State Submission</u>, at #3-4 page 8 of 10. The City's state court filings indicate that the Tenikats live in Des Moines, Iowa. The City sought a judgment against the Tenikats for $6,600.00 plus $1,750.00 in attorney fees, for a total of $8,350.00. <u>Id.</u>, at #3-4 pages 3-6 of 10. The State Court found that the lien was not properly perfected, and the City did not properly serve the Tenikats. <u>State Decision</u>, at 6, 8. The State Court ruled in favor of the Tenikats, ordered the City to release the lien and pay the Tenikats $465.00 in costs and fees. <u>State Decision</u>, at 9-10.

The Tenikats now wish to amend their Complaint to add claims for violation of the Fair Debt Collection Practices Act, 15, U.S.C. § 1692, et seq., and the Illinois Fair Debt Collection Practices Act, 225 ILCS 425/1.

## ANALYSIS

Dismissal is proper if a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."

<u>Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).  In this case, the Tenikats fail to state a claim.

The Tenikats claim a violation of their rights to due process.  To state a claim for a violation of due process, the Tenikats must allege that they have a property or liberty interest that the City took from them without due process of law.  The Tenikats allege an ownership interest in the Property.  They allege that the City sought a wrongful and excessive judgment against them and sought to force the sale of the Property to enforce a defective lien.

The Tenikats, however, fail to allege that the City did so without due process of law.  The essence of due process is notice and the opportunity to be heard before any liberty or property interest is taken.  <u>Matthews v. Eldridge</u>, 424 U.S. 319, 332-34 (1976).   The Tenikats allege that the City filed the State Case to foreclose the lien and secure the sale of the Property.  The State Court provided the Tenikats with notice and opportunity to be heard to vindicate their rights.  The State Court in fact gave them full relief by entering judgment against the City and awarding the Tenikats their costs.  The Tenikats received due process.  They, therefore, fail to state a claim for a violation of their right to due process.  <u>See</u>

Machalowicz v. Village of Bedford Park, 528 F.3d 530, 535-36 (7th Cir. 2008) (state court proceedings provide due process).

The Tenikats further fail to state a claim for a denial of equal protection. To state a claim for a denial of equal protection, the Tenikats must allege that the City intentionally treated them differently than others similarly situated without a rational basis for the disparate treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The Tenikats do not allege that the City treated them differently from the way the City treated others similarly situated. The Tenikats allege that a different municipality charged less than the City for mowing excessive weeds. Complaint, at 2. The Tenikats do not allege that the City charged others less than it charged the Tenikats for mowing excessive weeds. The Tenikats fail to state a claim for denial of equal protection.

The Tenikats do not allege a claim for a violation of their rights to be free from an unreasonable search and seizure. To state such a claim, the Tenikats must allege that the City caused a meaningful interference with their possessory interest in the Property. The interference, further, must be unreasonable. See Bell v. City of Chicago, 835 F.3d 736, 739 (7th Cir. 2016). The City did not search or seize the Property. The City only cut the excessive weeds and grass on the Property. The Tenikats fail to state a

claim for a violation of their rights against unreasonable searches and seizures.

The Tenikats' proposed amended claims fail to state a claim for violation of the federal Fair Debt Collection Practices Act. The Fair Debt Collection Practices Act imposes civil liability on debt collectors for certain illegal practices. 15 U.S.C. § 1692k. Debt collectors are third parties that are employed to collect debts of others. 15 U.S.C. § 1692a(6). The City filed the lien and filed the State Case to collect a debt owed to the City. As such, the City was the creditor, not a debt collector. The Fair Debt Collection Practices act does not apply to creditors trying to collect their own debts. Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003). The Tenikats cannot state a claim against the City under the Fair Debt Collection Practices Act. This Court may deny a request to amend a complaint when the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The Court should deny the Tenikats' request to amend their Complaint to add a futile claim for violation of the Fair Debt Collection Practices Act.

The Tenikats also wish to proceed on state law claims for violations of the Illinois Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. The only basis for

jurisdiction of these state law claims is diversity jurisdiction.  To establish diversity jurisdiction, the Tenikats must show that the City and they are citizens of different states and that the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  The filings in the State Case show that the Tenikats are citizens of Iowa.  The City is an Illinois municipality, and so, the Tenikats and the City may be citizens of different states.  The amount in controversy, however, is $8,350.00 claimed by the City for cutting the Tenikats' weeds.  The amount does not exceed $75,000.00.  This Court, therefore, should decline to exercise supplemental jurisdiction over the Tenikats' state court claims.[1]

THEREFORE, THIS COURT RECOMMENDS that Defendant City of Benld, Illinois' Renewed Motion to Dismiss (d/e 13) should be ALLOWED, and Plaintiffs John Tenikat II and Sheryl Tenikat's Motion to Amend (d/e 17) should be DENIED.  The Court should dismiss the Tenikats' federal claims with prejudice, dismiss the state law claims for lack of jurisdiction, and deny the Motion to Amend.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within

---

[1] The Tenikats included a list other federal claims in their opposition to the original motion to dismiss in this case.  Resistance to Dismiss (d/e 12), at 1.  The Tenikats did not allege any of these claims in their Complaint or in their Motion to Amend.  As such, these additional claims are not before the Court.

14 days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER:  February 22, 2019

s/ <i>Tom Schanzle-Haskins</i>

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE