IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TENIKET II, and ) | |
| SHERYL TENIKET, ) | |
|  ) | |
|  Plaintiffs, ) | |
|  ) | |
|  v. ) | No. 18-cv-03037 |
|  ) | |
| CITY OF BENLD, ) | |
|  ) | |
|  Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On February 22, 2019, Magistrate Judge Tom Schanzle-Haskins filed a Report and Recommendation (d/e 19) recommending that this Court grant Defendant City of Benld's Renewed Motion to Dismiss and deny Plaintiffs John Tenikat II and Sheryl Tenikat's Motion to Amend. On March 7, 2019, Plaintiffs filed their Objection to the Report and Recommendation and a Motion for Bifurcation[1] (d/e 22). The City has filed a response (d/e 24).

---

[1] Plaintiffs filed a separate Motion to Show Cause (d/e 20) and asked this Court to bifurcate and allow that Motion to proceed separately from Plaintiffs' Complaint. The Court denied the Motion to Show Cause on March 20, 2019. Therefore, this request is moot.

The Report and Recommendation (d/e 19) is ACCEPTED IN PART and MODIFIED IN PART, the Motion to Dismiss (d/e 13) is GRANTED, and Motion to Amend (d/e 17) is DENIED. Plaintiffs' due process, equal protection, Fourth Amendment claims are dismissed with prejudice for failure to state a claim. Plaintiffs' request to add a claim for a violation of the federal Fair Debt Collection Practices Act is denied because the proposed amendment would be futile. The civil RICO claim is dismissed without prejudice and with leave to replead. Plaintiffs may also refile their state law Fair Debt Collection Practices Act and Consumer Fraud and Deceptive Business Practices Act claims should Plaintiffs state a federal claim for relief.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3070.2 (2d ed. 1997);

Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

In February 2018, Plaintiffs filed a Complaint (d/e 1) against the City alleging the City imposed a defective lien on Plaintiffs' property for payment of charges for cutting an excessive growth of grass and weeds on the property. Plaintiffs alleged that the sums sought by the City were excessive. According to Plaintiffs, the City violated Plaintiffs' rights to due process, equal protection, and to be free from unreasonable searches and seizures. Plaintiffs also alleged that, by entering the land without permission, claiming to have performed certain acts, charging grossly excessive fees, filing unperfected liens, and using interstate commerce, the city attorney, the mayor, and each council member, in advisement and

consultation with each other, along with the City, engaged in an enterprise in violation of 18 U.S.C. §1964, the Racketeer Influenced and Corrupt Organizations Act (RICO). Finally, Plaintiffs alleged a supplemental claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 et seq.

The City filed a Renewed Motion to Dismiss (d/e 13). In response, Plaintiffs objected to dismissal and sought to amend their Complaint to add claims for violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and the Illinois Fair Debt Collection Practices Act, 225 ILCS 425/1. See (d/e 17).

Plaintiffs' response attached the state court's order on the City's complaint to enforce a mowing lien. See d/e 17 at 5-13. This Court may take judicial notice of matters of public record when ruling on a motion to dismiss. See Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015). The state court found that the lien was not properly perfected and the City did not properly serve Plaintiffs. The state court ruled in favor of Plaintiffs and ordered the City to release the lien and pay the Plaintiffs $465 in costs and fees.

On February 22, 2019, Judge Schanzle-Haskins entered his Report and Recommendation recommending that the Motion to Dismiss be granted and the Motion to Amend be denied. Judge Schanzle-Haskins found that Plaintiffs failed to state a claim that they were deprived of property without due process because the state court provided Plaintiffs with notice and an opportunity to be heard. Plaintiffs failed to state a claim for a denial of equal protection because they did not allege that the City treated them differently than the way the City treated others similarly situated. Plaintiffs failed to state a claim for a violation of their rights to be free from unreasonable search and seizure because the City did not search or seize Plaintiffs' property.

Judge Schanzle-Haskins further found that allowing Plaintiffs to add a claim for a violation of the federal Fair Debt Collection Practices Act would be futile because the City was not a debt collector under the Act. Finally, Magistrate Judge Schanzle-Haskins recommended that the Court dismiss the state law claims for lack of jurisdiction. Although Judge Schanzle-Haskins noted that Plaintiffs and the City may be citizens of different states, the

amount in controversy--$8,350—did not exceed $75,000. Judge Schanzle-Haskins did not address the RICO claim.

### III. ANALYSIS

Plaintiffs object to the Report and Recommendation, noting that Judge Schanzle-Haskins failed to address the RICO claim and asserting that any dismissal should be a dismissal without prejudice. The Court will review plaintiffs' RICO claim <u>de</u> <u>novo</u> and the remaining claims for clear error.

RICO provides a private cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[.]" 18 U.S.C. § 1964(c). The provision of §1962 that appears to be the basis of Plaintiffs' claim makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). The RICO statute was "never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions." <u>Jennings v. Auto Meter Prod., Inc.</u>, 495 F.3d 466, 472

(7th Cir. 2007). To state a claim for civil RICO under 18 U.S.C. § 1964(c), Plaintiffs must allege (1) injury to their business or property (2) by reason of (3) the defendant's violation of §1962. RWB Servs., LLC v. Hartfort Computer Grp., Inc., 539 F.3d 681, 685 (7th Cir. 2008).

Plaintiffs' claim against the City, the sole defendant, must be dismissed because "[m]unicipalities are not liable for civil RICO claims." Lathrop v. Juneau & Assocs., Inc. P.C., 220 F.R.D. 330, 334-35 (S.D. Ill. 2004) (citing Gentry v. Resolution Trust Corp., 937 F.2d 899, 914 (3rd Cir. 1991)). The Court further notes that, at the very least, Plaintiffs have failed to allege injury to their business or property. In fact, the state court decision of which this Court took judicial notice shows that Plaintiffs succeeded in the state court case. The state court ordered the liens released and ordered the City to pay Plaintiffs' costs totaling $465. As such, it appears that Plaintiffs cannot allege an injury. See, e.g., Doe v. Roe, 958 F.2d 763, 767–68 (7th Cir. 1992) (noting that a "civil RICO action cannot be premised solely upon personal or emotional injuries").

Therefore, upon de novo review, the Court dismisses the RICO claim against the City for failure to state a claim. Plaintiffs did not

raise specific objections to remaining claims addressed by the Report and Recommendation. The Court finds no clear error in the Judge Schanzle-Haskins findings, analysis, or conclusions on the remaining claims, including Plaintiffs' proposed amended claims.

The Court will, however, afford Plaintiffs an opportunity to replead the civil RICO claim. If Plaintiffs choose to do so, Plaintiffs may also replead their state law claims for violations of the Illinois Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act because the Court would likely have supplemental jurisdiction of those state law claims if Plaintiffs can plead a federal claim.

**IT IS THEREFORE ORDERED THAT:**

(1) The Report and Recommendation (d/e 19) is ACCEPTED IN PART and MODIFIED IN PART. The City's Renewed Motion to Dismiss (d/e 13) is GRANTED, and Plaintiffs' Motion to Amend (d/e 17) is DENIED. Plaintiffs' Motion to Bifurcate (d/e 22) is DENIED AS MOOT.

(2) Plaintiffs' due process, equal protection, and Fourth Amendment claims are dismissed with prejudice for failure to state a claim. Plaintiffs' request to amend their complaint to add a claim

for a violation of the federal Fair Debt Collection Practices Act is denied because the proposed amendment would be futile. The civil RICO claim and the state law Illinois Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act claims are dismissed without prejudice and with leave to replead.

(3) If Plaintiffs choose to file an amended complaint in this Court, Plaintiffs shall file said amended complaint on or before April 3, 2019. An amended complaint supersedes and replaces the original complaint. If Plaintiffs do not file an amended complaint, the Court will close this case.

**ENTER: March 20, 2019**

**FOR THE COURT:**
        **s/ Sue E. Myerscough**
        **SUE E. MYERSCOUGH**
        **UNITED STATES DISTRICT JUDGE**