IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN TENIKAT II, pro se, and<br>SHERYL TENIKAT, pro se,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF BENLD, a municipal<br>corporation, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 18-cv-3037<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiffs John Tenikat II and Sheryl Tenikat's (the Tenikats) Motion for Reconsideration (d/e 27) (Motion 27) and Defendant City of Benld's Motion to Dismiss (d/e 28) (Motion 28). For the reasons set forth below, this Court recommends that the Motion for Reconsideration should be DENIED and the Motion to Dismiss should be ALLOWED.

### BACKGROUND

This case arises from a defective mowing lien. The Defendant City of Benld (City) mowed the Tenikats' property located in the City (Property) and placed a lien on the Property. The City then filed an action to enforce the Lien. The Tenikats opposed the foreclosure action and filed this action.

The Tenikats alleged, among other things, that the City violated their rights to due process. While this case was pending, the state court found that the lien was defective and dismissed the foreclosure action. See Report and Recommendation (d/e 19) (R&R I), at 1-4.

This Court recommended dismissal of the due process claim because the Tenikats received due process in the state court proceeding and prevailed. R&R I, at 5-6 (citing Machalowicz v. Village of Bedford Park, 528 F.3d 530, 535-36 (7th Cir. 2008) (state court proceedings provide due process)). The Tenikats objected to R&R I. The District Court accepted the R&R I in part and modified it in part. The District Court sustained the dismissal of the due process claim but granted the Tenikats leave to file an amended complaint to proceed with their claim for violation of the Racketeer Influenced and Corrupt Practices Act (RICO), 18 U.S.C. § 1964. Opinion entered March 21, 2019 (d/e 25) (Original Opinion), at 8-9.

On April 2, 2019, the Tenikats filed an Amended Complaint (d/e 26). The Tenikats named 12 individuals, the City, and the law firm that represented the City as defendants. The Tenikats alleged RICO violations in wrongfully filing unperfected liens and wrongfully seeking to foreclose such liens. On April 16, 2019, the Tenikats filed Motion 27 asking the Court to reconsider the dismissal of their due process claim set forth in the

Original Opinion. On April 17, 2019, the City filed Motion 28 to dismiss the RICO claim filed against it in the Amended Complaint.

The docket indicates that the Tenikats have not served the other Defendants named in the Amended Complaint with summons and a copy of the Amended Complaint nor have the Tenikats secured waivers of service. At this time, therefore, the other Defendants are not yet required to respond to the Amended Complaint. See Fed. R. Civ. P. 12(a)(1)(A). The Tenikats state that they are in the process of seeking waivers of service. The Tenikats ask the Court to direct Defendants Rick Verticchio and Verticchio Services, Inc., d/b/a/ Verticchio & Verticchio Law Office to waive service and appear. See Resistance of Dismissal (d/e 33), ¶¶ 20-23. The Court will not do so. The Rules do not require a party to waive service. See Fed. R. Civ. P. 4(d), (f), & (h).

## ANALYSIS

The Court addresses Motion 27 first. Motions for reconsideration, "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). The Tenikats fail to demonstrate any manifest errors of law or fact and present no newly

discovered evidence. The City filed the foreclosure action in state court. The state court resolved the matter in favor of the Tenikats. The Seventh Circuit has held that such state court proceedings provide due process. Machalowicz v. Village of Bedford Park, 528 F.3d 530, 535-36 (7th Cir. 2008). This Court must follow the Seventh Circuit's decisions on the matter. See Reiser v. Residential Funding Corp., 380 F.3d 1027, 1029 (7th Cir. 2004) (District Courts must follow the decision of the Court of Appeals). There was not error in the Original Opinion; the Tenikats received due process. In addition, the Tenikats ask for summary judgment in the prayer of the Motion. A request for summary judgment was not before the Court when it entered the Original Opinion. Such new matters may not be raised by a motion for reconsideration. See Caisse Nationale de Credit Agricole, 90 F.3d at 1269. Motion 27 should be DENIED.

The City's request in Motion 28 to dismiss the RICO claim against it should be ALLOWED. The Tenikats have not responded to Motion 28 within 14 days of service and so are presumed to have no objection to the Motion. Local Rule 7.1(B)(2). Moreover, the District Court already held in this case that civil RICO claims may not brought against municipalities such as the City. Original Opinion, at 7 of 9 (quoting Lathrop v. Juneau & Assocs., Inc. P.C., 220 F.R.D. 330, 334-35 (S.D. Ill. 2004) (citing Gentry v.

Resolution Trust Corp., 937 F.2d 899, 914 (3rd Cir. 1991)).  The claim against the City in the Amended Complaint should, therefore, be dismissed.

THEREFORE, THIS COURT RECOMMENDS that Plaintiffs John Tenikat II and Sheryl Tenikat's Motion for Reconsideration (d/e 27) should be DENIED, and Defendant City of Benld's Motion to Dismiss (d/e 28) should be ALLOWED.  The claim alleged against the City of Benld in the Amended Complaint should be DISMISSED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  May 10, 2019

    *s/ Tom Schanzle-Haskins*
    TOM SCHANZLE-HASKINS
    UNITED STATES MAGISTRATE JUDGE