E-FILED
Thursday, 06 June, 2019 11:32:57 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN TENIKAT II, and<br>SHERYL TENIKAT, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 18-cv-03037 |
| CITY OF BENLD, et al., | ) <br> ) | |
| Defendant. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

On May 10, 2019, Magistrate Judge Tom Schanzle-Haskins filed a Report and Recommendation (d/e 35) recommending that this Court deny the Motion for Reconsideration (d/e 27) filed by Plaintiffs John Tenikat II and Sheryl Tenikat and grant the Motion to Dismiss (d/e 28) filed by defendant City of Benld. On May 23, 2019, Plaintiffs filed their Objection to the Report and Recommendation (d/e 36). The City has filed a response (d/e 37).

The Objection is OVERRULED, and the Report and Recommendation (d/e 19) is ACCEPTED. Plaintiffs have not stated a due process claim, and the City is not subject to liability for civil

RICO claims. Plaintiffs' Motion for Reconsideration is DENIED, and the City's Motion to Dismiss is GRANTED.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court determines "de novo any part of the magistrate judge's disposition that has been properly objected to." Although this Court does not need to conduct a new hearing on the entire matter, the Court must give "fresh consideration to those issues to which specific objections have been made." 12 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 3070.2 (2d ed. 1997); Wasserman v. Purdue Univ. ex rel. Jischke, 431 F. Supp. 2d 911, 914 (N.D. Ind. 2006).

If no objection is made, or if only a partial objection is made, the Court reviews the unobjected to portions for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). This Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. BACKGROUND

In February 2018, Plaintiffs filed a Complaint (d/e 1) against the City. Plaintiffs alleged that the City imposed defective liens on Plaintiffs' property for payment of charges for cutting an excessive growth of grass and weeds on the property. Plaintiffs claimed, as is relevant here, that this violated Plaintiffs' due process rights. Plaintiffs also purported to bring a Racketeer Influenced and Corrupt Practices Act (RICO) claim pursuant to 18 U.S.C. § 1961-1968.

When Plaintiffs filed the Complaint, a Complaint to Enforce Mowing Lien filed by the City was pending in the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois. See State Court Documents (d/e 3).[1] On February 4, 2019, the state court found the City lacked standing to bring the action because the lien was defective and Plaintiffs were not personally served with the Second Notice of Lien before suit was filed. See State Court Order (d/e 17 at p. 12) (also awarding Plaintiffs $465 for filing fees and costs and directing the City to release the mowing lien).

---

[1] This Court may take judicial notice of matters of public record when ruling on a motion to dismiss. See Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).

On February 22, 2019, Magistrate Judge Schanzle-Haskins issued a Report and Recommendation recommending dismissal of the due process claim because Plaintiffs received due process in the state court proceeding and prevailed. Report and Recommendation at 5-6 (d/e 19). Judge Schanzle-Haskins did not address Plaintiffs' RICO claim.

Plaintiffs objected to the Report and Recommendation. On March 21, 2019, this Court accepted the Report and Recommendation in part and modified the Report in part. Opinion (d/e 25). This Court accepted the recommendation to dismiss the due process claim. This Court considered and dismissed the civil RICO claim because municipalities are not liable for civil RICO claims and Plaintiffs failed to allege injury to their business or property. Nonetheless, the Court granted Plaintiffs leave to replead the civil RICO claim and their state law Fair Debt Collection Practices Act and Consumer Fraud and Deceptive Business Practices Act. Opinion at 8 (d/e 25).

On April 2, 2019, Plaintiffs filed an Amended Complaint (d/e 26) naming as defendants 12 individuals, the City, and the law firm that represented the City. Plaintiffs allege the Defendants

committed RICO violations by filing unperfected liens in an effort to "extract monetary funds from the plaintiffs." Am. Compl. ¶ 11 (d/e 26).

On April 16, 2019, Plaintiffs filed a motion (d/e 27) asking the Court to reconsider the dismissal of their due process claim. On April 17, 2019, the City filed a motion to dismiss (d/e 28) the RICO claim. To date, Plaintiffs have not served the other Defendants named in the Amended Complaint with summons and a copy of the Amended Complaint or secured waivers of service.

On May 10, 2019, Magistrate Judge Schanzle-Haskins entered his Report and Recommendation (d/e 35) (hereinafter, May Report and Recommendation). Judge Schanzle-Haskins recommended that this Court deny Plaintiffs' Motion to Reconsider because they failed to demonstrate any manifest errors of law or fact and presented no newly discovered evidence. Judge Schanzle-Haskins held that Plaintiffs received due process in the state court action. Id. at 4.

Judge Schanzle-Haskins also recommended that the Court grant the City's Motion to Dismiss because the District Court already held that civil RICO claims may not be brought against

municipalities such as the City. May Report and Recommendation at 4. Judge Schanzle-Haskins also found that Plaintiffs did not respond to the motion to dismiss within 14 days of service. Id. at 4.

### III. ANALYSIS

Plaintiffs object to the May Report and Recommendation. Plaintiffs assert that the City violated their due process with the placement of each of the three liens on their property as distinguished from the foreclosure action associated with the second lien that was the subject of the state court action. Plaintiffs alleged in the original Complaint that the City did not follow the state procedure for perfecting the liens and did not serve Plaintiffs as required by law.

Even assuming the placement of the liens against Plaintiffs' property constituted a deprivation of property, Plaintiffs did not allege that an established state procedure violated their due process rights. In fact, Plaintiffs pointed to the provisions of state law requiring notice and the provision of certain information in the notice of lien. See Compl. at 1-2 (d/e 1). Instead, Plaintiffs alleged that the City, contrary to established state procedure, violated Plaintiffs' due process rights because the liens did not conform to

state law.  See Compl. (d/e 1).  Where a plaintiff alleges random and unauthorized acts, the conduct is actionable under § 1983 only if the plaintiff lacked adequate remedies under state law.  See Easter House v. Felder, 910 F.2d 1387, 1404 (7th Cir. 1999) (noting that § 1983 remedies deprivations resulting from a state's "conscious decision to ignore the protections guaranteed by the Constitution" and does not remedy deprivations caused by employees "acting in direct contravention of the state's established policies and procedures which have been designed to guarantee the very protections which the employee now has chosen to ignore") (emphasis omitted); see also Michalowicz v. Vill. of Bedford Park, 528 F.3d 530, 535 (7th Cir. 2008) (a claim that state officials failed to follow the requirements of existing law states a due process claim only if the state provided insufficient remedies for the violation alleged).

Here, Plaintiffs had adequate state law remedies, as Plaintiffs were successful in the state court action brought by the City and all the liens have been removed.  See State Court Order (d/e 17, pp. 5-13); Release of Liens (d/e 37, pp. 3-4).  Therefore, Plaintiffs fail to state a claim for a due process violation.

Plaintiffs also object to the recommendation that this Court dismiss the RICO claim against the City. Plaintiffs assert they timely filed an objection to the motion. Plaintiffs also ask that, if the Court terminates the RICO cause of action, the Court do so only as to the City and not the unserved Defendants.

As this Court previously found, municipalities are not subject to liability for civil RICO claims. See F & J Apartments, LLC v. Hall, No. 4:18-cv-00010-SEB-DML, 2019 WL 1227696, at *2 (S.D. Ind. Mar. 15, 2019) (collecting cases). Therefore, the RICO claim is DISMISSED against the City.

IT IS THEREFORE ORDERED THAT the Plaintiff's Objection (de 36) is OVERRULED and the May Report and Recommendation (d/e 35) is ACCEPTED. Plaintiffs' Motion for Reconsideration (d/e 27) is DENIED and the City's Motion to Dismiss (d/e 28) is GRANTED. The RICO claim alleged against the City in the Amended Complaint is DISMISSED. The RICO claims remain against the unserved Defendants.

**ENTERED: June 5, 2019**
**FOR THE COURT:**

                               *s/ Sue E. Myerscough*
                               **SUE E. MYERSCOUGH**
                               **UNITED STATES DISTRICT JUDGE**